Jernard AKINS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 98-8665.

United States Court of Appeals,

Eleventh Circuit.

Feb. 24, 2000.

Appeal from the United States District Court for the Southern District of Georgia.(Nos. 91-00176-CR-4, 97-00285-CV-4), B. Avant Edenfield, Judge.

Before EDMONDSON and MARCUS, Circuit Judges, and STROM*, Senior District Judge.

STROM, Senior District Judge:

Jernard Akins ("Akins") appeals from the district court's judgment dismissing his motion to vacate or modify his sentence pursuant to 28 U.S.C. § 2255.  Akins claims the district court erred in finding that his motion was untimely filed.  We affirm.

*Background*

On December 12, 1991, Akins entered a plea of guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).  On February 19, 1992, he was sentenced by the district court to a term of imprisonment of two hundred sixty-four (264) months, followed by supervised release.  No appeal was taken from his conviction or sentence.

On May 11, 1994, pursuant to a Rule 35(b) motion filed by the government, Akins' sentence was reduced to two hundred four (204) months.  On January 23, 1996, the court, on its own motion, reviewed defendant's sentence because of the 1995 amendment to the Federal Sentencing Guidelines, which made retroactive the 1994 amendment changing the top level of the drug quantity table from forty-two to

---

*Honorable Lyle E. Strom, Senior U.S. District Judge for the District of Nebraska, sitting by designation.

thirty-eight. Upon a review, the court concluded that the defendant's sentence fell within the guideline range under the amended guidelines, and thus no further reduction would be made.

The defendant filed an appeal of that order to the Eleventh Circuit Court of Appeals. This appeal was dismissed when the defendant failed to pay the applicable docket and filing fees.

On September 28, 1997, the defendant prepared and signed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. This motion was filed on October 2, 1997. In his motion, he raised three claims: (1) ineffective assistance of counsel; (2) the district court's use of relevant conduct at sentencing; and (3) the district court's lack of jurisdiction in prosecuting him.

On February 17, 1998, the magistrate judge filed a report and recommendation that defendant's § 2255 motion be dismissed as time barred under the 1996 amendments to § 2255. On April 2, 1998, the district court entered an order adopting the report and recommendation of the magistrate judge and dismissed defendant's § 2255 motion. The defendant subsequently moved for a certificate of appealability and on May 22, 1998, the district court granted the certificate of appealability but only as to the statute of limitations issue and denied it with respect to the other claims raised in his § 2255 motion. Accordingly, the only issue before the court is the issue of whether the defendant timely filed his § 2255 motion.

*Discussion*

On April 24, 1996, Section 105 of the Antiterrorism and Effective Death Penalty Act (AEDPA) took effect. That section amended 28 U.S.C. § 2255, establishing a one-year "period of limitation" for motions filed pursuant to § 2255. The one-year period runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. However, this Court held in *Goodman v. United States,* 151 F.3d 1335, 1337-38 (11th Cir.1998), that federal prisoners whose conviction became final prior to April 24, 1996, would have one year from the enactment of § 105 of the AEDPA, or until April 23, 1997, in which to file their § 2255 motions. Akins' conviction became final before April 24, 1996.[1] Akins' § 2255 motion, however, was filed well after the April 23, 1997, deadline. Therefore, his motion is untimely unless he is entitled to equitable tolling or he was prevented from timely filing his § 2255 motion by an unconstitutional impediment.

A.      Equitable Tolling

This Court has previously held that the statute of limitations set forth in 28 U.S.C. § 2255, as amended, is subject to equitable tolling. *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999). In *Sandvik,* the Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik,* 177 F.3d at 1271.

As grounds for equitable tolling, Akins claims that two events prevented a timely filing of his § 2255 motion: (1) lockdowns, occurring in October of 1996 until late March of 1997, and again from April 2, 1997, until April 28, 1997; and (2) misplaced legal papers, which were returned to him in August 1997. According to the record, defendant had over five (5) years to obtain the necessary transcript, research the legal issues forming the basis for his § 2255 motion, and to prepare and file his motion. While for a portion of that time he was in lockdown, he had over four years before Congress adopted the AEDPA one-year period of limitation, at least seven months after he obtained the sentencing hearing transcript, and at least six months

---

[1]Akins does argue that his conviction did not become final before April 24, 1996; he says his conviction did not become final until the dismissal of his previous appeal to this Court. This argument is without merit. A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted. *See United States v. Dayton,* 981 F.2d 1200, 1203 (11th Cir.1993). Akins' previous appeal, however, was not a direct appeal of Akins' judgment of conviction; it, instead, involved an appeal of Akins' January 1996 sentence review. Akins, in fact, never directly appealed his judgment of conviction. Accordingly, Akins' conviction became final well before April 24, 1996.

3

after the effective date of the AEDPA. No explanation is given as to why he could not have prepared and filed his motion before October, 1996.

On the basis of this record, we find that Akins failed to demonstrate that the untimely filing of his motion was due to extraordinary circumstances that were both beyond his control and unavoidable even with diligence.

B.      Unconstitutional Impediment

Apart from equitable tolling, as adopted by the courts, the one-year limitation on a 28 U.S.C. § 2255 motion can run not only from the date of the final conviction, but also from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." Akins alleges that he was denied access to the courts by being placed in lockdown because he was unable to use the law library to prepare his motion.

Although it is well established that prisoners have a constitutional right of access to the courts, the Supreme Court has clarified its decision in *Bounds v. Smith,* 430 U.S. 817, 825, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), stating that access to the law libraries is not required of prisons, but rather is one way of assuring the constitutional right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment. The inmate must show that this inability caused an actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement. *Lewis,* 518 U.S. at 355.

Akins' failure to explain his inability to file the motion prior to lockdown, as discussed above, is also fatal to his claim of an unconstitutional impediment. The record does not support a finding of actual injury when Akins fails to explain why the seven months prior to lockdown were inadequate to complete and file his motion.

4

Assuming, however, that the lockdown caused an actual injury, Akins has the burden of showing that the lockdown was not " 'reasonably related to legitimate penological interests,' " in order for the lockdown to be considered an unconstitutional impediment. *Id.* at 361 (citing *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)); *see Harris v. I.K. Ostrout, Co.,* 65 F.3d 912, 916 (11th Cir.1995) (holding that a prisoner challenging a prison security regulation must rebut the presumption of reasonableness attached to that regulation).

In this case, Akins has failed to present any proof that the lockdown from October 1996 through March 1997 was not reasonably related to legitimate penological interests. The record before the Court merely shows that Akins' lockdown was for disciplinary reasons. Akins' conclusory statements of an unconstitutional violation are not supported by any evidence in the record. Thus, he has failed to meet his burden.

Akins also failed to suggest any reason why the lockdown in April 1997 was not reasonably related to legitimate penological interests. Rather, the record shows that the prison was in lockdown status because of violent outbreaks in which a prisoner fatally stabbed a corrections officer and injured four others. The lockdown was reasonably related to the legitimate interest of prison safety and the safety of correction officers. We do not engage in a search for the existence of less restrictive alternatives to lockdown, as the Court gives great deference to prison officials. " '[S]trict scrutiny [by the courts] would seriously hamper their ability to anticipate security problems and adopt innovative solutions to the intractable problems of prison administration.' " *Id.* (citations omitted). Thus, Akins' lockdown status does not, on either occasion, rise to the level of an unconstitutional impediment.

*Conclusion*

Akins is not entitled to equitable tolling of the statute of limitations for a § 2255 motion because he has not demonstrated extraordinary circumstances that warrant such a tolling. In addition, Akins failed to present any evidence that his lockdown was not a result of legitimate penological interests. Thus his

5

lockdown status does not rise to the level of an unconstitutional impediment to the filing of his § 2255 motion.

Accordingly, the district court is

AFFIRMED.