Scott L. **CHAMNESS**, Petitioner–Appellant,

v.

Dennis **HOCKADAY**, Respondent–Appellee.

No. 01–3543.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 23, 2002.[*]

Decided Nov. 5, 2002.

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

ORDER

Scott Chamness, an Illinois prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court dismissed the petition as untimely, but granted Chamness a certificate of appealability ("CA") limited to the issue "whether lockdowns at his prison unconstitutionally denied him his right to file his § 2254 petition by denying him, 'access to the prison law library and other legal-related paraphanelia (sic).'" We agree that Chamness's petition was late and affirm.[1]

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Chamness argues that the district court erred by holding that 28 U.S.C. § 2244(d)(1)(B) did not apply to determine the deadline for filing his petition; he asserts that the section should have applied because prison lockdowns hindered his access to the courts. His argument fails for two reasons. First, Chamness has not demonstrated that the lockdowns caused him an actual injury because he has not explained how the alleged denial of access to the library prevented him from timely filing his petition. *See Lewis v. Casey*, 518 U.S. 343, 350–51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir.), *cert. denied*, 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000). Second, he has not alleged that the prison lockdowns were instituted for any improper purpose and thus were unconstitutional. *See Lewis*, 518 U.S. at 361–62 (lockdowns that cause prisoners delays in receiving legal materials "are not of constitutional significance" as long as they are "reasonably related to legitimate penological interests."); *Akins*, 204 F.3d at 1090.

None of Chamness's other arguments convince us that the district court erred in determining that his petition was untimely, and we decline to expand the CA to encompass those issues.

AFFIRMED.

---

1. In its brief, the state argues that the district court improperly granted a CA in this matter because the issue identified in the CA does not demonstrate "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). As we have repeatedly held, however, any challenge to a CA presented in the state's merits brief is too late; if the state wishes to challenge a CA, it must do so before briefing begins. *See, e.g., Gilmore v. Bertrand*, 301 F.3d 581, 582 n. 1 (7th Cir.2002); *Cage v. McCaughtry*, 305 F.3d 625, 626 (7th Cir.2002) (parties must seek to modify CA before briefing begins). Since the government's challenge is untimely, we proceed to review the question identified in the CA.

