**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard STONE, Defendant–Appellant.**

No. 02–4265.

United States Court of Appeals,
Sixth Circuit.

June 13, 2003.

Before: BATCHELDER and CLAY, Circuit Judges; and SCHWARZER, District Judge.*

## ORDER

This pro se federal prisoner appeals a district court judgment denying his motions for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(1) and/or 60(b)(6) and permission to proceed on a 28 U.S.C. § 2255 motion nunc pro tunc. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A jury found Richard Stone guilty of conspiracy to distribute and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846; being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); providing false information in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6); and possession with intent to distribute 342.44 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Stone was sentenced to a mandatory life sentence without the possibility of parole and a $10,000 fine. On January 6, 2000, this court affirmed Stone's conviction and sentence. On April 17, 2000, the Supreme Court denied his petition for writ of certiorari. *United States v. Austin,* Nos. 97–4197, 97–4239, 97–4386, 97–4408, 98–3105, 2000 WL 32017, at *5 (6th Cir. Jan.4, 2000) (unpublished opinion), *cert. denied,* 529 U.S. 1081, 1119, 120 S.Ct. 1704, 1984, 146 L.Ed.2d 508, 812 (2000). On April 25, 2000, Stone was notified by a letter from his attorney that the United States Supreme Court had denied his petition for writ of certiorari and that the time for filing a post-conviction motion began to run on April 17, 2000.

On December 6, 2001, Stone filed a motion to proceed on a § 2255 motion nunc pro tunc. On December 12, 2001, the district court denied that motion because there was no adequate basis shown for the tolling of the one-year limitation period. On May 20, 2002, Stone moved the district court for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(1) and/or 60(b)(6) and permission to proceed on a § 2255 motion nunc pro tunc. On October 15, 2002, the district court denied that motion, and it is from that judgment that Stone appeals.

On appeal, Stone asserts that because his ability to timely submit a § 2255 mo-

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

tion within the one-year limitation period was impeded by official intervention, his limitation period for his motion should be equitably tolled.

This court reviews the district court's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion. *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir. 1998); *Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir.1998). An abuse of discretion has been defined as a " 'definite and firm conviction that the trial court committed a clear error of judgment.'" *Byers,* 151 F.3d at 578–79 (quoting *Logan v. Dayton Hudson Corp.,* 865 F.2d 789, 790 (6th Cir.1989)). An appeal from an order denying a Fed.R.Civ.P. 60(b) motion does not bring up for review the underlying judgment dismissing the complaint. *Browder v. Dir., Dep't of Corrs.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995). Rather, this court's inquiry is limited to "whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998).

The district court did not abuse its discretion when it denied Stone's motion for reconsideration. The party seeking to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 385 (6th Cir.2001). A party may obtain relief from judgment for various reasons including mistake, newly discovered evidence, fraud, a void judgment, or a satisfaction or release from a prior judgment. Fed.R.Civ.P. 60(b)(1–5). Additionally, a party is entitled to relief upon a showing of exceptional or extraordinary circumstances. Fed.R.Civ.P. 60(b)(6). Furthermore, a Rule 60(b) motion is properly denied where the movant attempts to use such a motion to relitigate the merits of a claim and the allegations are unsubstantiated. *Mastini v. American Tel. & Tel. Co.,* 369 F.2d 378, 379 (2d Cir.1966) (attempt to relitigate a patent claim based upon unsubstantiated allegations of fraud). Stone failed to demonstrate the existence of any of the grounds for relief specified in Fed.R.Civ.P. 60(b)(1)-(6).

Upon review, we conclude that Stone has not established that he is entitled to equitable tolling. *See Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). Stone does not claim a right newly recognized by the Supreme Court, nor do his claims involve newly discovered evidence; rather, Stone contends that state action inhibited him from filing his motion to vacate judgment or a time-tolling motion during the one-year limitation period. Stone contends that he was unable to timely submit a § 2255 motion within the one-year limitation period because he was transferred from a federal prison to the Bedford Heights, Ohio, jail pursuant to a writ of habeas corpus adprosecundum. Stone asserts that he was not allowed to bring his personal property and legal materials to Bedford Heights and was unable to do research there. Stone admits, however, that his attorney advised him that his limitation period for post-conviction remedies began to run April 17, 2000, and the record reveals that Stone had almost six months before he was transferred to the Bedford Heights jail in which to file his § 2255 motion. Moreover, the record reveals that the limitation period expired April 17, 2001. Stone returned to the federal prison on May 5, 2001, but did not file his initial request to file a § 2255 motion until December 6, 2001, seven months later. Stone's argument that he had insufficient library access must fail because allegations regarding insufficient library access, standing alone, do not warrant equitable tolling. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998)

(lack of access to case law does not warrant equitable tolling). Stone's argument that state action inhibited him from filing his motion to vacate judgment must fail because, while the limitation period may be tolled by governmental action in violation of the constitution, Stone's transfer to the Bedford heights jail was not unconstitutional. *See Akins v. United States,* 204 F.3d 1086, 1090 (11th Cir.2000). Thus, no extraordinary circumstances exist warranting equitable tolling of the one-year limitation period. The district court acted within its considerable discretion by denying relief.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum of opinion and order of October 15, 2002.