[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2005
THOMAS K. KAHN
CLERK

No. 05-10010
Non-Argument Calendar
_____

D.C. Docket Nos. 04-22099-CV-FAM & 02-21058 CR-FAM

OLGA LYDIA RAMIREZ,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 22, 2005)

Before BIRCH, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Olga Lydia Ramirez, a federal prisoner proceeding pro se, appeals the district

court's dismissal of her 28 U.S.C. § 2255 motion to vacate, set aside, or correct her

sentence. The district court dismissed Ramirez's § 2255 motion as time-barred because it was filed more than one year after her judgment of conviction became final. Ramirez requested a certificate of appealability ("COA"), which the district court granted only as to the issue of whether her § 2255 motion was timely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996), governs this appeal because Ramirez's § 2255 motion was filed in 2004, after the AEDPA's enactment. We review de novo a district court's determination that a § 2255 motion was time-barred. See Jones v. United States, 304 F.3d 1035, 1037 (11th Cir. 2002).

On appeal, Ramirez argues that her judgment of conviction did not become final until the time period for seeking a writ of certiorari expired, which was 90 days after entry of final judgment. Ramirez asserts that, because she filed her § 2255 motion within 1 year and 90 days of the entry of her written judgment of conviction, her motion was timely, and the district court erred by dismissing it as time-barred. We disagree.

The AEDPA established a one-year statute of limitations applicable to § 2255 motions, which begins to run from, inter alia, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Akins v.

2

United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).  There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of her conviction or sentence.  First, if, following the disposition of her direct appeal, a federal prisoner files a petition for a writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits.  See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001).  Second, if the federal prisoner does not file a timely certiorari petition after disposition of her direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is 90 days after the entry of judgment on direct appeal.  See Clay v. United States, 537 U.S. 522, 532, 123 S. Ct. 1072, 1079, 155 L. Ed. 2d 88 (2003).  Here, neither exception applies because Ramirez did not file a direct appeal of her conviction.

For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket.  See Fed. R. App. P. 4(b)(1)(A)(i), (6).  Neither of the recognized exceptions to the general rule that, for § 2255 statute of limitations purposes, a judgment of conviction becomes final when the time for filing a direct appeal expires, applies here.  Ramirez's conviction became final on May 12, 2003, and, therefore, her § 2255 motion, which

was filed on July 28, 2004, was untimely. Accordingly, the district court did not err

by dismissing Ramirez's § 2255 motion as time-barred.

**AFFIRMED.**

4