[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11028
Non-Argument Calendar

_____

D. C. Docket No. 06-80484-CV-DMM

PROPHET PAULCIN,

Petitioner-Appellant,

versus

JAMES R. MCDONOUGH,
BILL MCCOLLUM,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 13, 2007)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Prophet Paulcin, a Florida prisoner proceeding *pro se*, appeals the dismissal of his habeas corpus petition, 28 U.S.C. § 2254, as time-barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). We granted a certificate of appealability on whether the district court properly determined that Paulcin was not entitled to equitable tolling. Paulcin asserts he should have been granted equitable tolling for the time he spent in Santa Rosa County Jail, because he was totally deprived of access to his legal papers and the law library. He claims he met the requirements for equitable tolling because he could not file his petition without access to these legal materials, and he exercised diligence in attempting to gain access and file his petition.

We review *de novo* the district court's decision to deny equitable tolling and dismiss a § 2254 habeas petition as time-barred. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1283 (11th Cir. 2002). However, we review a district court's determination of the relevant facts, including those related to a petitioner's diligence, for clear error. Under the clear error standard, we will "affirm a district court's findings of fact unless the record lacks substantial evidence to support that determination." *Id.* (internal quotations omitted).

The AEDPA imposes a one-year statute of limitations for filing a § 2254 habeas petition, which begins to run following one of four events, including "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1)(A). Further, the judgment becomes "final" after the expiration of the 90 days in which the petitioner could file a petition of certiorari. *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). The one-year statute of limitations is tolled by statute while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Additionally, the statute of limitations can be equitably tolled when extraordinary circumstances beyond a petitioner's control cause him to file the petition late, and the untimely filing was unavoidable even with diligence. *Drew*, 297 F.3d at 1286. If the petitioner fails to establish both extraordinary circumstances and diligence, then equitable tolling is not available. *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). Further, "[e]ach case turns on its own facts." *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). The petitioner bears the burden of showing that equitable tolling is warranted. *Drew*, 297 F.3d at 1286. Conclusory allegations may be insufficient to support a claim that equitable tolling is appropriate. *See id.* at 1292-93 (holding the district court did not abuse its discretion in denying an evidentiary hearing on equitable tolling

3

when the petitioner only presented conclusory allegations, without supporting evidence, to support his claim).

In *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000), the movant argued for equitable tolling because (1) he was subjected to lockdowns in jail for several months, during which he could not access the law library, and (2) prison officials misplaced his legal papers for a period of time. After noting the movant had ample time to file his motion when these impediments did not exist, we declined to apply equitable tolling. *Id.* at 1090 (evaluating a § 2255 habeas motion). In *Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004), the movant argued for equitable tolling because he was transferred to a different facility and detained there for over ten months without access to his legal papers. We stated "*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Id.* at 1283. In *Dodd*, the movant never claimed his detention was unconstitutional, inappropriate, or outside of routine practice, and we found that the circumstances were not extraordinary. *Id.* (evaluating a § 2255 habeas motion).

According to our prior decisions and statements in *Akins* and *Dodd*, Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances. Paulcin failed to allege specifically or present evidence that his detention in county jail, due to pending criminal charges, was extraordinary or anything other than routine. Additionally, in the district court, Paulcin asserted only the conclusory allegation that he was denied access to the library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding. In fact, Paulcin filed an appeal of a denial of a Fla. R. 3.850 motion in state court during the time he had no access to his records or the law library. This fact belies the allegation that he was prevented from pursing legal redress during his time at the Santa Rosa County Jail. Because Paulcin failed to establish extraordinary circumstances, the district court did not err in not applying equitable tolling and dismissing his petition as time-barred. Accordingly, we affirm.

**AFFIRMED.**