[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 6, 2010
JOHN P. LEY
ACTING CLERK

No. 09-10202
Non-Argument Calendar

_____

D. C. Docket Nos. 06-01995-CV-T-24-EAJ,
02-01605-CR-T-2

COURTNEY TERRELL WILLIAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 6, 2010)

Before EDMONDSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Courtney Terrell Williams, a federal prisoner proceeding <u>pro se</u>, appeals the

district court's dismissal of his amended Rule 60(b) motion, which the court construed to be an impermissible second or successive 28 U.S.C. § 2255 motion. He argues that the district court erred in dismissing his amended Rule 60(b) motion as an unauthorized successive § 2255 motion because his motion did not attack the merits of a decision. Instead, it focused on a defect in the integrity of the habeas proceeding. He argues that his Rule 60(b) motion alleged that the integrity of the prior habeas proceedings was compromised because prison officials confiscated and lost his legal file, so the district court should reopen his first and second § 2255 motions.

We granted Williams a COA on the following issue:

> Whether the district court erred by dismissing Williams's amended Rule 60(b) motion as impermissibly successive, in part, where Williams[] argued that his 28 U.S.C. § 2255 motion was not time-barred based on § 2255(f)(2).

We review de novo questions regarding the district court's jurisdiction, including whether a Rule 60(b) motion is a second or successive habeas petition. See Zakrzewski v. McDonough, 490 F.3d 1264, 1267 (11th Cir. 2007) (addressing § 2254 petition). The principles developed in § 2254 cases also apply to § 2255 motions. Gay v. United States, 816 F.2d 614, 616 n.1 (11th Cir. 1987).

Fed.R.Civ.P. 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party . . .

2

from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect . . . (4) the
judgment is void; (5) the judgment has been satisfied, released, or
discharged; it is based on an earlier judgment that has been reversed
or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). A movant seeking relief under Rule 60(b)(6) must show

extraordinary circumstances, justifying the reopening of a final judgment.

Gonzalez v. Crosby, 545 U.S. 524, 532, 125 S.Ct. 2641, 2649, 162 L.Ed.2d 480

(2005). 28 U.S.C. § 2255(f)(2), the statutory provision upon which Williams

argues that his § 2255 motion was timely, states:

(f) A 1-year period of limitation shall apply to a motion under this
section. The limitation period shall run from the latest of –

(2) the date on which the impediment to making a motion
created by governmental action in violation of the Constitution or
laws of the United States is removed, if the movant was prevented
from making a motion by such governmental action[.]

28 U.S.C. § 2255(f)(2).

A movant must show that the alleged impediment "caused an actual harm, or

in other words, unconstitutionally prevented him from exercising that fundamental

right of access to the courts in order to attack his sentence or to challenge the

conditions of his confinement." Akins v. United States, 204 F.3d 1086, 1090 (11th

Cir. 2000).

The Supreme Court has held that, if a Rule 60(b) motion seeks to add a new

3

ground for relief or attacks a federal court's previous resolution of a claim on the merits, it constitutes a habeas corpus claim. Gonzalez, 545 U.S. at 532, 125 S.Ct. at 2648. However, the Court in Gonzalez held that a Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings" should not be construed as a § 2254 petition. See id. Furthermore, if the movant "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," then he is not asserting a habeas corpus claim. Id. at 532 n.4, 125 S.Ct at 2648 n.4. The Rule 60(b) motion at issue in Gonzalez challenged only the district court's ruling that Gonzalez's initial 28 U.S.C. § 2254 petition had not been timely filed. Id. at 535, 125 S.Ct. at 2650. The Supreme Court concluded that Gonzalez's motion should not have been construed as a second or successive § 2254 petition, but nevertheless affirmed after determining that Gonzalez could not demonstrate "extraordinary circumstances" that were necessary to obtain Rule 60(b) relief. Id. at 538, 125 S.Ct. at 2651.

"[E]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Akins, 204 F.3d at 1089. Prison "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary

4

circumstances' in which equitable tolling is appropriate." Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004).

"Under the law of the case doctrine, both the district court and the court of appeals are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996).

Upon review of the record and consideration of the parties' briefs, we affirm. The district court should not have construed Williams's amended Rule 60(b) motion as an impermissibly successive § 2255 motion, to the extent that he was arguing that his initial § 2255 motion was timely because he was entitled to statutory tolling under § 2255(f)(2). See Gonzalez, 545 U.S. at 532 n.4, 125 S.Ct. at 2648 n.4. However, the court's error was harmless because Williams failed to show that the prison officials' failure to provide him with his legal files was an unconstitutional impediment that prevented him from accessing the court system by timely filing a § 2255 motion. See Akins, 204 F.3d at 1090. He also does not address why he was unable to file a § 2255 motion prior to the prison transfer,

5

which occurred approximately six months after the final judgment. See id. (holding that prisoner's failure to explain his inability to file a § 2255 motion during the seven months prior to a prison lockdown, which was the alleged unconstitutional impediment, did not "support a finding of actual injury" and was "fatal to his claim of an unconstitutional impediment").

Furthermore, we previously resolved against Williams these very same issues that he raises in support of equitable tolling, when he appealed the district court's dismissal of his initial § 2255 motion. Thus, we are bound by our prior decision regarding the issues that Williams again raises, pursuant to the law of the case doctrine. See Stinson, 97 F.3d at 469. None of the exceptions to this doctrine apply to William's case because: (1) a subsequent trial has not produced substantially different evidence; (2) controlling authority has not since made a contrary decision of law applicable to these issues; and (3) our prior decision was not clearly erroneous and would not work manifest injustice." See id. Accordingly, we affirm.

**AFFIRMED.**