[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2010
JOHN LEY
CLERK

No. 08-16759
Non-Argument Calendar

_____

D. C. Docket No. 06-00714-CV-N

HOWARD GLEN TOOLE,
a.k.a. Bobby Lee Bond,

Petitioner-Appellant,

versus

JAMES MCDONOUGH,
TROY KING,
The Attorney General of the
State of Alabama,
SAM CULPEPPER,
Warden,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 18, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Howard Glen Toole, proceeding pro se, appeals the denial of his habeas corpus petition, 28 U.S.C. § 2254.[1] The district court denied Toole's section 2254 petition because his claims were procedurally defaulted. No reversible error has been shown; we affirm.

We review de novo a determination that a habeas claim was procedurally defaulted. Brownlee v. Haley, 306 F.3d 1043, 1058 (11th Cir. 2002).[2] When a state prisoner fails to present his claims properly in state court, the federal habeas court is precluded from hearing the merits based on the doctrine of procedural default, if any present attempt by the prisoner to exhaust such claims in state court is procedurally barred. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999). To overcome procedural default, a petitioner must show adequate cause for and actual prejudice arising from the default, or that the failure to consider the claim would result in a fundamental miscarriage of justice. Id. at 1306.

Toole raised these two main claims in his section 2254 petition: (1) the state

---

[1]Toole challenged his robbery convictions from Pike County Circuit Court in Alabama. For these convictions, Toole received a 20-year sentence. Toole also filed a separate, but identical, section 2254 petition attacking his robbery conviction entered in Coffee County Circuit Court.

[2]In addition, we liberally construe pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

violated the Interstate Agreement of Detainer Act ("IADA") by not trying him within the applicable 180-day deadline, and (2) he received ineffective assistance of counsel because his counsel operated under an actual conflict of interest. Toole filed no direct appeal or post-conviction motion in state court; and the time for doing so has expired. See Ala.R.App.P. 4(b)(1); Ala.R.Crim.P. 32.1, 32.2(c)(2). Thus, Toole was required to show cause and prejudice to overcome the procedural default of his claims.[3]

Toole argued that his lawyer failed to file a direct appeal raising the IADA issue and that this failure constituted cause for Toole's failure to raise the IADA claim in state court. But Toole did not raise the claim about his lawyer in state court either. "[A] procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." Edwards v. Carpenter, 120 S.Ct. 1587, 1591 (2000).

And to show cause, Toole must demonstrate some objective factor external to the defense that impeded his effort to raise properly in state court his claim that

---

[3]Toole argues that he did not bypass the state appellate process because he filed many motions in state court seeking to file a belated appeal. But none of the motions Toole filed could be construed as a Rule 32 post-conviction motion for habeas relief.

his lawyer failed to file a direct appeal of the IADA issue. Murray v. Carrier, 106 S.Ct. 2639, 2645 (1986). On appeal, Toole argues that cause existed because he was denied access to legal materials both when he was held in the Coffee County jail after sentencing and, later, when he was transferred to a Florida prison.[4]

The record indicates that the Coffee County jail had a law library and that Toole could have accessed it during the day unless the library was occupied. Thus, Toole had access to Alabama legal materials while he was at the Alabama jail. The record also indicates that, while incarcerated in Florida, Toole had access to law clerks who would have aided him in legal research and assisted him in filing for state habeas relief in compliance with Alabama procedural rules. Toole's failure to obtain available legal materials or take advantage of other available resources was due to his own lack of diligence and not an external impediment.

Toole also fails to show how lack of access to legal materials actually deprived him of access to the courts. See Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (concluding that, in the context of the statute of limitations in 28 U.S.C. § 2255(f), even though prisoners have a constitutional right to access the courts, the mere inability to access the prison law library, without showing that

---

[4]We decline to address Toole's argument that his psychotropic medication impeded him from raising the ineffective-assistance-of-counsel claim because he did not raise this claim in the district court. See Depree v. Thomas, 946 F.2d 784, 793 (11th Cir. 1991).

4

it caused actual harm, is not unconstitutional). While incarcerated in Florida (and within the time to file an Alabama state post-conviction motion), Toole realized that there were potential problems with his appeal process and filed a myriad of motions in the Alabama state courts to file a belated appeal. The Alabama courts informed Toole that his only recourse was to seek Rule 32 post-conviction relief. But Toole -- even with this knowledge and available resources -- still failed to exhaust his ineffective-assistance-of counsel claim through state habeas proceedings. So, Toole's argument that a lack of access to Alabama legal materials impeded him from raising his ineffective-assistance-of- counsel claim is without merit.

We also reject Toole's contention that his counsel's conflict of interest impeded him from pursuing his ineffective-assistance-of- counsel claim in state court. As noted above, Toole was aware of the problems with his appeal and the sole Rule 32 remedy. His counsel's alleged conflict of interest did not bear on Toole's ability to pursue state court remedies.[5]

Therefore, we conclude that Toole's ineffective-assistance-of-counsel claim

---

[5]We also reject Toole's contention that his pro se status and lack of legal knowledge constituted an external impediment justifying his failure to exhaust his claim. See McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (explaining that a pro se petitioner is not exempt from the cause and prejudice requirement and that a "petitioner's 'failure to act or think like a lawyer cannot be cause for failing to assert a claim' since he has no constitutional right to counsel during habeas corpus proceedings").

for his counsel's failure to file a direct appeal on his behalf was procedurally defaulted; and Toole proffered insufficient causes to overcome the default. Because Toole cannot overcome his procedural default, we decline to address the merits of his ineffective- assistance-of-counsel or IADA claims.

We now address Toole's other procedurally defaulted section 2254 claim -- that his counsel operated under a conflict of interest because counsel was the presiding judge who signed Toole's grand jury indictment. On appeal, Toole solely argues the merits of the conflict-of-interest claim and fails to proffer cognizable causes to explain his procedural default as specifically required by the certificate of appealability. See Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) (in an appeal brought by an unsuccessful habeas petitioner, "appellate review is limited to the issues specified in the COA"). Thus, we do not address the merits of Toole's conflict-of-interest claim because he fails to show proper causes to justify the procedural default.

AFFIRMED.