[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12555
Non-Argument Calendar
_____

D.C. Docket Nos. 2:11-cv-00006-LGW-JEG; 2:09-cr-00001-LGW-JEG-1

AARON L. STEPHEN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 21, 2013)

Before DUBINA, Chief Judge, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Aaron L. Stephen, a federal prisoner proceeding with appointed counsel, appeals the district court's dismissal of his 28 U.S.C. § 2255 petition as untimely. He argues that he was prevented from timely filing his motion because the Glenn County Detention Center's law library did not contain a copy of § 2255 or any other federal material containing the statute of limitations for filing a § 2255 motion.

We review *de novo* a district court's determination that a motion to vacate is time-barred. *Jones v. United States*, 304 F.3d 1035, 1037 (11th Cir. 2002). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion. *See* 28 U.S.C. § 2255(f). This limitations period runs from the latest of, among other dates:

(1)     the date on which the judgment of conviction becomes final; [or]

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

*Id.* § 2255(f)(1)-(2).

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth

Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d 72 (1977).

However, "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000). Rather, "[t]he inmate must show that this inability caused an actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement." *Id.* That is, a prisoner may demonstrate actual injury by establishing that prison officials' actions actually deterred his pursuit of a "non-frivolous post-conviction claim or civil rights action." *See Al-Amin v. Smith*, 511 F.3d 1317, 1332-33 (11th Cir. 2008).

Here, the parties do not dispute that Stephen's motion was not timely under § 2255(f)(1). However, liberally construed, Stephen's motion asserted a claim that the government's failure to provide an adequate law library prevented him from exercising his fundamental right of access to the courts. *See Akins*, 204 F.3d at 1090; *Tannenbaum,* 148 F.3d at 1263. Because the district court failed to address

3

whether Stephen's claim of lack of access to the courts, stemming from the inadequacy of the prison's law library,[1] extended the time for filing his motion under § 2255(f)(2), we vacate the order of the district court dismissing his motion and remand this case for further proceedings consistent with this opinion.

**VACATED AND REMANDED.[2]**

---

[1] This Court has not addressed the issue of whether an inadequate prison library, as opposed to the inability to access the library, qualifies as an unconstitutional impediment under § 2255(f)(2). However, the Fifth Circuit has held that a prison law library's failure to provide a copy of the AEDPA constitutes an unconstitutional impediment for purposes of 28 U.S.C. § 2244(d)(1)(B), the analogous provision applicable to state prisoners seeking habeas corpus relief. *Egerton v. Cockrell*, 334 F.3d 433, 439 (5th Cir. 2003); *see Clay v. United States*, 537 U.S. 522, 528, 123 S. Ct. 1072, 1077, 155 L. Ed. 2d 88 (2003) (noting that the time triggers under § 2244(d)(1) "closely track corresponding portions of § 2255"). Other circuits that have addressed the issue have suggested that an inadequate prison law library may constitute an unconstitutional government-imposed impediment for purposes of § 2244(d)(1)(B). *See Bear v. Fayram*, 650 F.3d 1120, 1125 (8th Cir. 2011) (holding that the availability of the statute of limitations provision provided the assistance necessary to satisfy the constitutional requirement); *Moore v. Battaglia*, 476 F.3d 504, 508 (7th Cir. 2007) (remanding to the district court to determine whether a copy of the AEPDA statute of limitations was available in the prison library); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (*en banc*) (remanding to the district court to determine whether a copy of the AEPDA was available in the prison library).

[2] All pending motions to supplement the record on appeal are DENIED.