[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14019
Non-Argument Calendar
_____

D.C. Docket No. 2:08-cr-00160-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACOB BEN-ARI,
a.k.a. Jack Levinson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 5, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jacob Ben-Ari appeals his convictions for two counts of mail fraud, in violation of 18 U.S.C. § 1341. In a superseding indictment, the government alleged that Ben-Ari had engaged in a scheme to defraud by creating fraudulent quit claim and warranty deeds purporting to transfer certain real properties identified in the indictment to Ben-Ari's company, JBA Assets, and then selling those properties to unwitting third parties. The indictment alleged that two title companies had mailed two checks representing the proceeds of two separate sales to JBA Assets. The government presented evidence at trial that the title companies had mailed those checks to Ben-Ari via the U.S. Postal Service and Airborne Express.

At trial, Ben-Ari moved for a Federal Rule of Criminal Procedure Rule 29 judgment of acquittal, arguing that the government had failed to establish that he had used the mails in furtherance of the fraud. The district court denied this motion, and the jury found Ben-Ari guilty of both mail fraud counts. At Ben-Ari's initial sentencing hearing, the court granted Ben-Ari permission to represent himself at sentencing, continued the hearing, and then remanded Ben-Ari into custody after finding that it could not be established by clear and convincing evidence that he was not a flight risk or a danger to the community if released. The court thereafter granted several continuances and granted some of Ben-Ari's motions for documents and records he claimed he needed to prepare for

2

sentencing.  At his sentencing, Ben-Ari filed legal documents, cross-examined witnesses, and successfully argued that the district court should reduce the loss amount attributable to him.  Both prior to and at sentencing, Ben-Ari had repeatedly requested that he be released from detention or be permitted to obtain certain documents from his home, and he complained that his detention was impacting his ability to represent himself at sentencing.

On appeal, Ben-Ari argues that the district court erred by not dismissing the indictment because there was insufficient evidence presented at trial to show that the mails were used in furtherance of the fraud.  He also argues that the scheme to defraud was complete when the title companies received the proceeds of the sales.  Next, he contends that the district court erred by remanding him into custody prior to sentencing and that the district court violated his constitutional rights by preventing him from obtaining all the documents he desired.  After a careful review of the record, we affirm.

## I.

We review the denial of a motion to dismiss an indictment for abuse of discretion.  *United States v. Torres*, 318 F.3d 1058, 1061 n.6 (11th Cir. 2003).  We review *de novo* the district court's denial of a Rule 29 motion for judgment of acquittal, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict.  *United States v.*

*Hunt*, 526 F.3d 739, 744 (11th Cir. 2008).  Evidence is sufficient to sustain a conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* at 745.  This standard does not require the evidence to be "inconsistent with every reasonable hypothesis other than guilt," and we permit the jury to choose from several reasonable conclusions that could be drawn from the evidence.  *Id.*  Reasonable inferences from circumstantial evidence can support the conviction.  *United States v. Capers*, 708 F.3d 1286, 1297 (11th Cir. 2013).

A criminal indictment must contain the elements of the offense intended to be charged, and it must sufficiently apprise the defendant of the charges against him.  *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006).  If the indictment tracks the language of the statute to notify the defendant of the charges against him, it must also include a statement of the facts and circumstances to describe the specific conduct at issue.  *Id.*

The elements of mail fraud are (1) an intentional participation in a scheme to defraud a person of money or property, and (2) the use of the mails in furtherance of the scheme.  *Id.*  The use of the mails need not be an essential element of the scheme at issue, and, instead, it is enough for the mailing "to be incident to an essential part of the scheme or a step in the plot."  *United States v. Hill*, 643 F.3d 807, 858 (11th Cir. 2011) (quotation omitted).  Mailings that occur after a scheme

has reached fruition are not in furtherance of the scheme. *Id.* Where the defendant already has taken possession of the object of the fraud and the fraud is at an end, further mailings are not used in furtherance of the fraudulent scheme. *United States v. Smith*, 934 F.2d 270, 272 (11th Cir. 1991). Nevertheless, where the defendant profited from an impermissible contract, the scheme does not reach fruition until the defendant has received the checks resulting from the contract. *United States v. Hasner*, 340 F.3d 1261, 1267-68, 1272 (11th Cir. 2003).

To the extent that Ben-Ari argues that the district court should have dismissed the indictment itself, the district court did not err by refusing to do so because the indictment sufficiently charged Ben-Ari with the essential elements of mail fraud. To the extent that Ben-Ari argues that the district court should have granted his Rule 29 motion for judgment of acquittal at trial, the district court did not err by declining to do so because the evidence presented at trial was sufficient for the jury to conclude that the mails were used in furtherance of the fraud. *See Hill*, 643 F.3d at 858. By presenting evidence that Title Offices and Progressive Title mailed the proceeds from two of the fraudulent sales of property to Ben-Ari via the U.S. Postal Service and Airborne Express, the government sufficiently established that the mails were used in furtherance of the fraud. And, contrary to Ben-Ari's arguments, the scheme did not reach fruition until Ben-Ari received the

5

funds because the goal of the scheme was to fraudulently enrich Ben-Ari. *See Hasner*, 340 F.3d at 1272.

## II.

We review *de novo* constitutional challenges. *Hunt*, 526 F.3d at 743.[1] District court orders remanding a defendant into custody present mixed questions of law and fact subject to *de novo* review on appeal. *United States v. Quartermaine*, 913 F.2d 910, 915 (11th Cir. 1990).

Under the Due Process Clause, a criminal defendant has the right to defend himself against criminal charges. *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S. Ct. 1038, 1045 (1973). This right includes, at minimum, a right to examine witnesses, a right to testify, and a right to be represented by counsel. *Id.* at 294-95, 93 S. Ct. at 1045; *see also Washington v. Texas*, 388 U.S. 14, 18-19, 87 S. Ct. 1920, 1922-23 (1967) (holding that due process requires the defendant to be given reasonable notice of the charges against him and an opportunity to be heard in his defense, which includes the rights listed in *Chambers*). When a defendant argues that a district court violated his right to present a defense, we must determine (1) whether the right was actually violated, and (2) whether the error was harmless

---

[1]    Contrary to the government's argument, Ben-Ari sufficiently presented his constitutional challenges below and preserved his challenges through his numerous filings before the district court. Therefore, we will not review Ben-Ari's constitutional challenges for plain error. *Cf. United States v. House*, 684 F.3d 1173, 1197 (11th Cir. 2012) ("[W]here a defendant 'raises [an] issue for the first time on appeal, we review it only for plain error.'" (quoting *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010))), *cert. denied*, 133 S. Ct. 1633 (2013).

beyond a reasonable doubt. *United States v. Hurn*, 368 F.3d 1359, 1362-64 (11th Cir. 2004). The Supreme Court also has held that the prisoners have a constitutional right of access to the courts, which requires that the access to the courts be "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 821-22, 97 S. Ct. 1491, 1494-95 (1977). We have held, however, that "the inmate must show that this inability [to access the courts] caused an actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement." *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000).

Pursuant to 18 U.S.C. § 3143(a), the district court "shall order" detention for a defendant who has been found guilty of an offense and who is awaiting imposition of a sentence unless the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of" another person or the community. 18 U.S.C. § 3143(a)(1). The court may only order the defendant released upon such a finding. *Id.*

To the extent that Ben-Ari argues that his right to present a defense or that his right to access the courts was violated, his challenge fails because he has failed to argue or show that he suffered actual harm. *See Hurn*, 368 F.3d at 1362-64; *Akins*, 204 F.3d at 1090. Ben-Ari has not identified any specific additional

documents that he sought access to, demonstrated any potential impact that any documents may have had at sentencing, or made any showing of how he was harmed. *Cf. Hurn*, 368 F.3d at 1363 ("A defendant's right under the Fifth and Sixth Amendments to present a defense "'is violated when the evidence excluded is material in the sense of a crucial, critical, highly significant factor.'" (quoting *United States v. Ramos*, 933 F.2d 968, 974 (11th Cir. 1991))). Additionally, after Ben-Ari presented his legal arguments at sentencing, the district court reduced his total offense level based on a substantially lowered loss-amount determination. Finally, to the extent that Ben-Ari argues that the district court should not have remanded him into custody, this argument fails because Ben-Ari did not meet his burden to establish by clear and convincing evidence that he was not likely to flee or to pose a danger to others given his immigration status, his prior experiences living abroad, and the fact that his children reside abroad. *See* 18 U.S.C. § 3143(a)(1).

## III.

Upon review of the record and after consideration of the parties' briefs, we affirm.

AFFIRMED.

8