FILED
United States Court of Appeals
Tenth Circuit

October 1, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOFTON AMIER GRAY,

    Petitioner - Appellant,

v.

R. C. SMITH, Warden,

    Respondent - Appellee.

No. 19-6101
(D.C. No. 5:18-CV-01139-SLP)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **CARSON**, **BALDOCK,** and **MURPHY**, Circuit Judges.

Petitioner, Lofton Amier Gray, an Oklahoma state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Gray's motion to proceed *in forma pauperis* on appeal is **granted**.

Gray's state convictions for first degree murder, larceny of an automobile, and attempted larceny of an automobile became final on November 8, 2017. At the time Gray filed his federal habeas petition on November 19, 2018, the one-

year limitations period set out in the Antiterrorism and Effective Death Penalty Act ("AEDPA") had expired. *See* 28 U.S.C. § 2244(d) (setting forth a statute of limitations for § 2254 petitions). In a well-reasoned Report and Recommendation, a federal magistrate judge concluded Gray could not take advantage of the prison mailbox rule because he failed to comply with its requirements. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) ("[A]n inmate must establish timely filing under the mailbox rule by either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.").

Gray filed written objections to the Report and Recommendation, asserting entitlement to statutory tolling because a prison-wide lockdown on the last day of the one-year limitations period prevented him from filing a timely habeas application. *See* 28 U.S.C. § 2244(d)(1)(B) (providing that the one-year AEDPA limitations period begins to run on the later of the date the judgment of conviction became final or "the date on which the impediment to filing an application created by State action *in violation of the Constitution or laws of the United*

-2-

*States* is removed, if the applicant was prevented from filing by such State action" (emphasis added)). After considering Gray's objections, the district court concluded Gray was not entitled to an extension of the limitations period under 28 U.S.C. § 2244(d)(1)(B) because he failed to show the lockdown was not related to legitimate penological interests and, thus, could not show it was an unconstitutional impediment. *Cf. Lewis v. Casey*, 518 U.S. 343, 361 (1996) (involving a claim that the failure to provide prisoners with adequate law libraries implicated the prisoners' constitutional right of access to the courts); *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (addressing whether a federal prisoner was entitled to statutory tolling under 28 U.S.C. § 2255(f)(2) because a prison lockdown prevented him from accessing the law library); *see also Pfeil v. Everett*, 9 F. App'x 973, 978 (10th Cir. 2001) (unpublished disposition relying on *Akins* to conclude that a state prisoner claiming a lockdown was an impediment under § 2244(d)(1)(B) must present evidence the lockdown was not related to legitimate penological interests). Accordingly, the district court concluded Gray's § 2254 application was filed outside the one-year limitations period established by the AEDPA and dismissed it as untimely.

To be entitled to a COA, Gray must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a district court

dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). In his COA application and appellate brief, Gray does not address the district court's conclusion he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B). Instead, he asserts he is entitled to equitable tolling and the benefit of the prison mailbox rule. These arguments were not specifically raised in Gray's objections to the magistrate judge's Report and Recommendation. Under this court's firm-waiver rule, Gray's failure to raise these specific objections "waives appellate review of both factual and legal questions." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (quotations omitted). Accordingly, we do not review whether a COA should be granted on either of the bases raised for the first time in Gray's appellate filings.[1]

After reviewing Gray's appellate brief and application for COA, the district court's order, the Report and Recommendation, and the entire record on appeal pursuant to the framework set out by the Supreme Court, we conclude Gray is not entitled to a COA. Our review demonstrates that the district court's dismissal of

---

[1]Neither exception to the firm waiver rule applies in this matter. *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (holding the firm waiver rule does not apply "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review").

Gray's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Thus, Gray has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Gray's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge