[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14168
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cr-00017-MMH-JRK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY JEROME TERRY,
a.k.a. Flip,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 19, 2021)

Before JILL PRYOR, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Anthony Terry, a federal prisoner, appeals the district court's denial of his *pro se* motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018.[1]  First, Terry asserts the district court erred by not granting his request for appointment of counsel, as his access to the courts was impeded due to his restricted access to relevant legal materials, preventing him from making a comprehensive 18 U.S.C. § 3553(a) sentencing factors argument.  Second, Terry contends the district judge erred by failing to recuse *sua sponte* due to bias.[2]  After review, we affirm the district court.

## I.  DISCUSSION

### A.  Appointment of Counsel

Post-judgment motions to reduce a sentence under 18 U.S.C. § 3582 are criminal in nature.  *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003).  However, a defendant has no constitutional or statutory right to counsel for § 3582(c)(2) motions. *United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009).  This is because § 3583(c)(2) motions are simply ways to urge a court to exercise leniency and are not a true challenge to the appropriateness of the original

---

[1]  Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

[2]  Terry does not challenge the denial of his motion for compassionate release and has abandoned any argument regarding the denial.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (explaining while *pro se* briefs are liberally construed, issues not briefed by a *pro se* litigant are deemed abandoned).  Additionally, Terry has waived his argument that U.S.S.G. § 1B1.13 did not apply to his motion for compassionate release by raising it for the first time in his reply brief.  *See United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004).

sentence, and thus, the Sixth Amendment right to counsel does not attach. *Id.* at 794. Moreover, because defendants do not have to be present at § 3582(c)(2) hearings, the Fifth Amendment right to counsel does not attach. *Id.* at 794-95. Finally, because § 3582(c)(2) motions are not "ancillary matters appropriate to the [original criminal action]," there is no statutory right to counsel, either. *Id.* at 795.

District courts have the discretion to appoint counsel in the interest of justice. *Id.* at 795 n.4. The complexity of the issue presented is a relevant factor in the district court's determination of whether to exercise its discretion and appoint counsel. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (discussing the lack of complexity involved in a Rule 33 motion did not warrant appointment of counsel). In addition, in the civil context, counsel may be appointed if the defendant establishes "exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quotations omitted, alteration in original).

The district court did not abuse its discretion in not appointing counsel for Terry during his § 3582(c)(1)(A) proceedings. *See Webb*, 565 F.3d at 793-94 (reviewing a district court's decision not to appoint counsel for an abuse of discretion). First, Terry was not constitutionally or statutorily entitled to counsel for his § 3582(c)(1)(A) motion proceedings. *See id.* at 794-95. Second, the record

3

demonstrates Terry adequately presented his claims without the assistance of counsel due to the non-complex nature of his issues. *See Berger*, 375 F.3d at 1227. Specifically, Terry identified and coherently set forth several non-complex but potentially appropriate reasons, namely the Bureau of Prisons' handling of the COVID-19 pandemic and his family's medical history of hypertension and diabetes in conjunction with his irregular heartbeat that indicated sinus bradycardia. The court determined that sinus bradycardia did not establish that Terry's health was at grave risk, and the court had determined previously the § 3553(a) factors did not support a sentence reduction. Apart from wanting additional testing, Terry did not indicate which medical records he had been unable to access or how they might support his claim. Furthermore, Terry adequately presented his legal arguments and cited to legal authority in his § 3582(c)(1)(A) motion and appellate briefs, demonstrating he was capable of representing himself without the assistance of a trained legal practitioner. *See Kilgo*, 983 F.2d at 193. In sum, the district court did not plainly err by failing to appoint counsel for Terry and, although it did not address his request for counsel in its order, we affirm. *See United States v. Chitwood*, 676 F.3d 971, 976 (11th Cir. 2012) (stating we can affirm for any reasons supported by the record and that, even though the district court did not reach an issue, we could still decide it).

4

Moreover, to the extent Terry brings an access-to-the-courts challenge—and assuming it is cognizable in the post-conviction context of a § 3582(c) motion—such a claim may only be reviewed for plain error because he is bringing the claim for the first time on appeal. *See United States v. Hano*, 922 F.3d 1272, 1283 (11th Cir. 2019) (stating issues not raised in the district court are reviewed for plain error). Terry cannot show his access to the courts was limited in a way that was so "clear" or "obvious" that the district court should have noticed it and corrected it. *See United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020) (explaining an error is plain if it is a "clear" or "obvious" error, such as a violation of the explicit language of a statute or rule or precedent that directly resolves the issue). Although he had a colorable underlying claim for which he sought relief—his motion for compassionate release—Terry could not have demonstrated that he suffered any actual injury because he could not show he was unconstitutionally prevented from exercising his right of access to the courts. *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) ("The inmate must show that this inability caused an actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to the courts in order to attack his sentence . . . ."). In fact, Terry made numerous filings with the district court which contained case citations, a medical exhibit, and relevant information regarding conditions at FCI Jesup. Terry also did not show he suffered actual

5

injury based on his inability to make a comprehensive sentencing factors argument because the district court's denial of relief was only alternatively based on its consideration of sentencing factors. *See id.* Thus, Terry's access-to-the-courts claim fails. *See Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008) ("[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." (quotations omitted, alteration in original))

B. Recusal

"Two statutes govern the recusal of a federal district judge." *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). Under 28 U.S.C. § 144, a party may timely file an affidavit if a district court judge has "a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must contain "the facts and the reasons for the belief that bias or prejudice exists." *Id.* Under 28 U.S.C. § 455, a judge must *sua sponte* recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [s]he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1).

"The general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources, and must be focused against a party to the proceeding." *Hamm*, 708 F.2d at 651 (citations omitted). "Challenges to adverse rulings are

6

generally grounds for appeal, not recusal." *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009). Bias may be shown where a judge openly exhibits "a partisan zeal for the defendants or step[s] down from the bench to assume the role of advocate on the defendants' behalf." *Hamm*, 708 F.2d at 651 (quotations omitted).

Although Terry expressed in one of his district court filings that he felt the district court had a bias against him for his past conviction, he failed to move or argue for the district judge's recusal in the district court proceedings. Thus, because the district judge did not have an opportunity to address his recusal argument, it is reviewed for plain error only. *See Hamm*, 708 F.2d at 651 (stating when a party failed to seek the recusal of the judge in the proceedings below, we review only for plain error).

Terry cannot show the district court plainly erred by failing to recuse *sua sponte*. He was allowed to file several motions and responses, which he did frequently, and the judge did not strike his filings. Terry argued the judge showed a pervasive bias and prejudice against him because the judge repeatedly stated "the [victim] reported being raped" and showed impartiality through a "fixation on the word 'rape.'" The record shows the district court referred to his prior conviction as a lewd and lascivious battery conviction. The court's mention of the 14-year-old victim's report of being raped referred to its sentencing finding that Terry had

7

committed a crime of violence, which went to support its determination that he should not be granted a sentence reduction based on the § 3553(a) factors. Notably, too, on direct appeal this Court upheld the district court's specific determination "that Terry's conduct of raping the 14-year-old victim" rendered it a "crime of violence." *See United States v. Terry*, 494 F. App'x 991, 997 (11th Cir. 2012) (concluding "the district court did not err in determining that Terry's conduct of raping the 14-year-old victim, such that she had tears and abrasions near her vagina, involved purposeful, violent, and aggressive conduct"). As such, the district court's reference to a previous adverse ruling at Terry's sentencing hearing is not a ground for recusal. *In re Evergreen*, 570 F.3d at 1274. And, notwithstanding Terry's remark at sentencing that the judge might see his lewd and lascivious battery conviction differently because she is "a female," he failed to identify any extrajudicial sources of bias. *See Hamm*, 708 F.2d at 651.

## II.  CONCLUSION

The district court did not abuse its discretion in not granting Terry's embedded motion for appointment of counsel because he did not have a constitutional or statutory right to counsel, he could adequately bring the claim on his own, and the issues involved were not complex. To the extent Terry brings a denial of access-to-the-courts claim, Terry is unable to show that an impediment to his access to the courts was so clear or obvious that the lack of review of such error

8

was plain.  Additionally, because Terry does not point to any source of extrajudicial bias or evidence of bias in the record, the district judge did not plainly err by not *sua sponte* recusing.

**AFFIRMED.**