[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14753

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SHIRLEY DENISE BURK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:12-cr-00001-WLS-TQL-3

_____

Before LUCK, LAGOA, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Shirley Burk, proceeding *pro se*, appeals the district court's denial of what she has styled a "Motion for Stay Pending a Hearing." In support of her motion, Burk argued below that her 2016 federal fraud conviction should be vacated and the order of restitution imposed as part of her sentence in that case dismissed because of various errors that allegedly occurred during her criminal trial. The district court denied Burk's motion, concluding that it was a frivolous and improper attempt to collaterally attack Burk's conviction and sentence.

Burk filed a notice of appeal, but she failed to challenge or otherwise address in her appellate briefing the grounds upon which the district court denied her motion. Accordingly, Burk has abandoned any argument that the district court erred when it denied her motion. In addition, we discern no error on the merits of the district court's ruling on Burk's motion. Thus, we **AFFIRM**.

## BACKGROUND

Defendant Shirley Burk and two co-defendants were charged in 2012 with one count of conspiracy to commit multiple objects, including arson, mail fraud, and making false declarations in violation of 18 U.S.C. § 371. *See United States v. Burk*, 737 F. App'x 963, 965 (11th Cir. 2018). The conspiracy charges were based on evidence of a scheme perpetrated by Burk and her co-

defendants that involved acquiring various properties, transferring the properties among each other, setting fire to the properties, and then making fraudulent insurance claims to collect money for the fire losses. *See id.* After a jury trial, Burk and her co-defendants were convicted of the conspiracy charge. *See id.*

Burk was sentenced to 60 months in prison, followed by three years of supervised release. The sentencing court determined that restitution was a mandatory part of Burk's sentence under 18 U.S.C. § 3663A(c)(1)(A), and it held a hearing to determine the proper amount of restitution. Following the hearing, the amount of restitution was set at $229,789.00. The restitution order specified that Burk was jointly and severally liable with her co-defendants for the full amount of restitution.

Burk directly appealed her conviction, arguing that there was insufficient evidence to sustain her conviction for conspiracy to commit arson. *See id.* This Court rejected Burk's argument, finding substantial evidence in the record establishing Burk's "knowledge of and voluntary participation in the conspiracy to commit arson" charged by the Government. *Id.* at 966. Burk did not assert any other ground in support of her appeal, and she did not challenge any part of her sentence, including the restitution order. *See id.* Having rejected Burk's sufficiency of the evidence argument, this Court thus affirmed Burk's conviction and sentence in an order issued on June 14, 2018. *See id.*

On January 14, 2019, while in custody, Burk filed a motion that a Magistrate Judge stated "appear[ed] to be" a motion to vacate

4                    Opinion of the Court                    20-14753

her sentence pursuant to § 2255, but the judge noted that Burk had not used the standard form required for § 2255 motions.[1]  The Magistrate Judge advised Burk of the deficiency and, to give her an opportunity to adequately present her claim, the judge ordered Burk to "file a complete [§ 2255] Petition on this Court's standard form if she in fact seeks to file" such a motion.  The judge directed the clerk to send Burk a copy of his order, along with the correct § 2255 form, and advised Burk that she should submit the form within 21 days of the order.  Burk did not refile her § 2255 motion or otherwise respond to the Magistrate Judge's January 2019 order, and she was released from custody in October 2019.

On September 22, 2020, well over a year after the Magistrate Judge directed her to refile her § 2255 motion and over two years after this Court affirmed her conviction on direct appeal, Burk filed a *pro se* motion in the district court that she styled a "Motion for Stay Pending a Hearing."  Burk did not cite any legal authority in her motion that would entitle her to a stay or a hearing.  Instead, Burk urged the court in her motion to vacate her conviction and restitution order based on various errors that allegedly occurred during her criminal trial and sentencing.  For example, Burke argued that:  (1) the district court failed to properly calculate the

---

[1] Burk styled this pleading as a motion to dismiss the case and vacate her sentence for lack of jurisdiction pursuant to 28 U.S.C. § 2072(b) and Federal Rule of Criminal Procedure 60(d).  Apparently Burk originally filed this pleading on December 28, 2018, and she refiled it on January 14, 2019, after the initial pleading was returned by the clerk for being deficient as unsigned.

victim's loss, (2) her indictment was defective, (3) the Government used forged evidence during her criminal trial, and (4) there was a statute of limitations problem with her conviction.

The district court denied Burk's motion for a "stay pending a hearing" on November 16, 2020, noting that it was "unsupported aside from her own conclusory statements" and that it was an improper and frivolous attempt to collaterally challenge "potential missteps" during her criminal trial. The court observed that "there were proper channels that Burk could have utilized to challenge her judgment and sentence in addition to her formal appeal, which she failed to use." Specifically, the court determined that Burk had failed to "timely and collaterally attack her judgment and sentence by way of a § 2255 motion . . . despite being specifically afforded the opportunity to do so."

On the same day as the district court issued its order denying her motion, Burk filed a second motion for a stay pending a hearing that restated the arguments made in her first motion. The district court denied Burk's second motion as moot, noting that it was nearly identical to the first motion Burk had filed and holding that the court's ruling on the first motion disposed of the second.

Burk filed a notice of appeal on December 15, 2020, arguing that the district court had erred by denying her motion for a stay pending a hearing. In her appellate briefing, Burk identifies four issues for appeal: (1) whether the Government violated her due process rights during her criminal trial, (2) whether she was properly indicted for the charge on which she was convicted,

(3) the alleged improper calculation of her restitution amount, and (4) alleged ineffective assistance of counsel during her criminal trial. In the argument section of her brief, Burk asserts more specifically that her conviction was unconstitutional because the Government violated her constitutional rights in various ways during her criminal trial, including failing to obtain an indictment by twelve or more grand jurors. Burk argues further that the amount of her restitution order is invalid because she was unfairly ordered to pay the same amount as her more culpable co-defendants and because the court failed to properly calculate the victim's loss in the case. According to Burk, her defense counsel likewise provided ineffective assistance of counsel by failing to properly calculate her restitution amount. Finally, Burk again suggests that there was a statute of limitations issue with her conviction and sentence.

As described above, Burk's appellate briefing is nearly identical to the briefing she submitted in support of her first and second motions in the district court, restating on appeal the substantive arguments she made below in support of her motion for a stay and hearing. But Burk does not in her appellate briefing challenge or otherwise address the district court's rationale for denying her motion: that the motion is conclusory and unsupported by any factual basis or legal authority, and that it is an improper and untimely collateral attack on Burk's judgment and sentence.

## DISCUSSION

### I.    Standard of Review

Ordinarily, we would review a district court's ruling on a motion for a stay under an abuse of discretion standard. *See United States v. Dean*, 487 F.3d 840, 848 (11th Cir. 2007). Here though, and as will be explained below, Burk's motion appears in substance to be a motion to vacate her conviction and sentence pursuant to 28 U.S.C. § 2255 rather than a motion to stay. *See* 28 U.S.C. § 2255(a) (providing that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence"). "In a [§] 2255 proceeding, we review legal issues *de novo* and factual findings under a clear error standard." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quotation marks omitted).

As noted, Burk is proceeding *pro se* in this appeal. This Court construes a *pro se* litigant's pleadings liberally, and we hold such pleadings to a less stringent standard than pleadings drafted by an attorney. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021) (noting that "*pro se* pleadings are liberally construed"). However, the Court "may not serve as *de facto* counsel" for a *pro se* litigant or "rewrite" a deficient pleading. *See id.* (quotation marks omitted).

## II.    Procedural Issues

The Government notes that Burk's notice of appeal arguably is untimely, but it expressly waives any timeliness objection it otherwise would have and asks the Court to resolve the appeal on grounds other than timeliness.  The Government also points out that Burk only designated in her notice of appeal the district court's second order denying her motion as moot, rather than the first order ruling on the merits of the motion.  According to the Government, this Court should thus only consider on appeal the district court's ruling on Burk's second motion—holding the motion moot because it was disposed of in the court's ruling on her first motion—rather than the district court's ruling on Burk's first motion.

Given that Burk's motion was effectively a § 2255 motion, and that the district court denied the motion on November 16, 2020, Burk's notice of appeal was timely filed on December 15, 2020.  *See* Fed. R. App. P. 4(a)(1)(B) (stating that the notice of appeal in a civil proceeding may be filed by any party within 60 days after entry of the judgment or order appealed from when one of the parties to the case is the United States).  Moreover, and given Burk's *pro se* status, we liberally construe her notice of appeal to include the district court's first and second orders denying the motion.  *See KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006) (liberally construing the requirement in Fed. R. App. P. 3(c)(1)(B) that a notice of appeal designate the judgment or order being appealed where the party's intent to appeal the district court's ruling was "overwhelmingly clear").  Although Burk

only referenced the district court's second order in her notice of appeal, it is clear from her briefing that she intended to appeal the court's first order denying her initial motion on the merits, in addition to the court's second order denying her motion as moot. *See id.* (noting that a litigant's notice of appeal "could have been more artfully drawn" but that "a liberal construction of that notice" required the Court to conclude that the litigant had "effectively appealed" the ruling at issue). Thus, we conclude that Burk has timely and effectively appealed the district court's first and second orders denying her motion.

## III.    Abandonment

Nevertheless, and despite clearing the above procedural hurdles, Burk has abandoned on appeal any substantive challenge to the district court's ruling on her motion because she failed to address in her appellate briefing the grounds asserted by the district court in support of its ruling. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citations omitted)). In her opening brief, Burk identifies as issues for appeal the same issues she argued in the district court, including an allegedly defective indictment, improper calculation of the victim's loss resulting in an unfair restitution order, allegedly forged evidence used to convict her at trial, ineffective assistance of counsel, and an unspecified statute of limitations issue with her conviction. Burk does not in her appellate brief provide any additional factual or legal support for her motion,

which the district court specifically determined was lacking.  Nor does she make any effort to address the district court's ruling that her motion is an unauthorized collateral attack on her conviction and sentence.

"When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, [s]he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince [the Court] that every stated ground for the judgment against h[er] is incorrect.").  That is what happened here.  By failing to challenge either of the grounds upon which the district court based its order, Burk abandoned the issues on which she must prevail to succeed in her appeal of the order.  *See id.*  Accordingly, we affirm the district court's order denying Burk's motion on the ground of abandonment.

## IV.    Merits

We note also that the district court did not err on the merits by denying Burk's motion.  Although styled as a motion for a stay pending a hearing, the relief Burk seeks via her motion is for the district court to vacate her conviction and nullify the restitution order imposed as part of Burk's sentence.  On appeal and in her briefing below, Burk asserted numerous arguments that purportedly support her entitlement to such relief.  But as the district court

pointed out, Burk did not raise any of these arguments during her direct appeal. *See Burk*, 737 F. App'x at 965.

As to Burk's argument about restitution specifically, binding circuit authority provides that Burk waived any challenge to that issue by not raising it on direct appeal. *See Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003) ("[A]bsent exceptional circumstances . . . a criminal defendant who fails to object to the calculation of restitution at both of these stages of the judicial process"—during the criminal proceedings and on direct appeal—"loses the right to advance a challenge to this calculation."). There is an exception to the waiver rule for exceptional circumstances, which this Court has defined as a showing "analogous to a showing of cause and prejudice to overcome a procedural default for raising a claim for the first time in a habeas corpus petition." *Dohrmann v. United States*, 442 F.3d 1279, 1281 (11th Cir. 2006). But Burk makes no attempt to show exceptional circumstances as required to avoid waiver here. She has thus waived any challenge to the district court's calculation of the amount of the restitution order.

Regarding the other arguments asserted in support of Burk's motion, the only possible avenue for the relief Burk requests at this point would be a § 2255 motion. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("It is . . . clear that a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so."). Burk cannot avoid the procedural restrictions imposed on such a motion by naming her request

a motion for a "stay pending a hearing." *See id.* ("[T]he cases in this circuit consistently recognize that prisoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254[2] or § 2255, however their petition is captioned."). As a practical matter, the relief Burk seeks in her motion is to have her federal conviction and sentence vacated on collateral review, relief that—in Burk's case—is available only under § 2255.

As the district court noted, Burk failed to file a timely § 2255 petition despite being "specifically afforded the opportunity to do so." And at this point, any such petition would be untimely. A one-year statute of limitations applies to motions to vacate a conviction or sentence under § 2255. *See* 28 U.S.C. § 2255(f). As relevant here, the statute begins to run on "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1).[3] The Government asserts, and Burk does not dispute, that her conviction became final on September 12, 2018, which is presumably the date her time expired to file a petition for certiorari seeking review of

---

[2] 28 U.S.C. § 2254 applies to persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). 28 U.S.C. § 2255 applies to federal prisoners. 28 U.S.C. § 2255.

[3] There are three other potential starting dates for the statute of limitations, but none of those dates are applicable here. *See* 28 U.S.C. § 2255(f)(2)-(4) (providing for a later starting date in cases where a movant was "prevented from making a motion" by governmental action, where the Supreme Court has "newly recognized" the right upon which the motion is based, and where "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence").

this Court's opinion affirming her conviction and sentence on direct appeal. *See Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."); *cf. Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Burk did not file her first motion in the district court until September 2020, clearly outside the one-year limitations period.

This Court has recognized that the § 2255 limitations period is subject to equitable tolling. *See Akins*, 204 F.3d at 1089. Equitable tolling is appropriate when a movant files his § 2255 motion outside the limitations period "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Id.* (quotation marks omitted). But again, Burk has not alleged any circumstances that would warrant equitable tolling here. Accordingly, we agree with the district court's ruling on the merits finding that there is no legal basis for Burk's motion for a stay pending a hearing and that any relief she might otherwise be able to seek under § 2255 is time-barred.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's first and second orders denying Burk's motion for a stay pending a hearing.